STRINGER, Judge.
David Kline challenges the trial court’s denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Kline alleges that the trial court erred in the amount of jail credit awarded him for time served. We reverse and remand with directions,
Kline was sentenced to thirty-six months’ imprisonment in four separate cases: 99-07445A, 99-08217A, 99-06085A, and 00-01165A. The sentences were to run concurrently, and Kline was given jail credit for time served. Kline filed a motion to correct illegal sentence alleging that he was entitled to an additional seventy-nine days of jail credit. The trial court granted Kline an additional sixty-three days of jail credit but only applied the additional credit to his 1999 cases. Kline then filed another motion to correct illegal sentence alleging that the trial court erred in not awarding him an additional sixty-three days of jail credit in case 00-01165A. The trial court denied this motion. The trial court attached record documents to its order showing the amount of jail credit Kline earned on his 1999 cases. However, the trial court failed to attach record documents showing the time Kline served in jail on case 00-01165A. Thus, we are unable to determine whether Kline was given the proper amount of jail credit in case 00-01165A.
Accordingly, we reverse the denial and remand for further proceedings. On remand, the trial court may again deny relief if it attaches record documents which support its decision. Reversed and remanded.
PARKER, A.C.J., and SALCINES, J., Concur.